FILED

MAR 30 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD L. NORTON, | No. 10-55878 |
| Plaintiff - Appellant, | D.C. No. 5:09-cv-01865-R-CT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted February 16, 2012[**]
Pasadena, California

Before: PREGERSON and BEA, Circuit Judges, and PRATT, District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert W. Pratt, District Judge for the U.S. District Court for Southern Iowa, sitting by designation.

Richard L. Norton ("Norton") appeals from a denial of disability insurance benefits under Title II and Title XVI of the Social Security Act. The Administrative Law Judge ("ALJ") upheld the Commissioner of Social Security's ("Commissioner") finding that Norton was not disabled. A timely request for review was declined by the Appeals Council. We review that court's judgment in favor of the Commissioner pursuant to 28 U.S.C. § 1291. We affirm.

At Step Five of the Sequential Analysis, the ALJ found that Norton: (1) had not worked since his alleged disability onset date of January 1, 2005; (2) has severe impairments of seizure disorder and lower back pain; (3) Norton's severe impairments do not meet or equal one of the Listed Impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1; (4) retained the residual functional capacity to perform medium work and simple, repetitive tasks, but should not perform repetitive overhead motions and should not be exposed to hazards; and, (5) work exists in significant numbers that Norton is capable of performing. In making the finding of residual functional capacity, the ALJ found that Norton's statements regarding the intensity, persistence, and limiting effects of his symptoms were credible only to the extent they were consistent with the residual functional capacity finding.

Except for Norton's brief hospitalization in July 2005, there is no other medical evidence which offers any explanation for Norton's claims of inability to

function because of fatigue and shortness of breath. No doctor opined that Norton should not work because of his impairments. Assuming, *arguendo*, that the ALJ did not properly articulate why he did not fully credit the testimony of Norton or his sister, a remand to correct the supposed errors would not result in a different decision, because, on this record, no reasonable ALJ would find that the evidence supports a finding of disability. *See Stout v. Commissioner, Social Sec. Admin*, 454 F.3d 1050, 1056 (9th Cir. 2006).

The hypothetical question that the ALJ put to the vocational expert adequately described the limitations of Norton's severe impairments. *See Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 578 (9th Cir. 1988).

Norton's argument that the Commissioner constructively reopened his claim must also fail. As the Commissioner points out, there is nothing before this court to support a finding that the period of disability beginning May 14, 2009, was based on the same evidence available during the period under consideration before the ALJ.

Accordingly, the decision of the District Court is **AFFIRMED**.